### CHARLES PAULUS v. CAROLINE A. NUNN.

*Chattel mortgage—Possession of subsequent purchaser—Settlement of case.*

A chattel mortgagee cannot be deprived of possession by subsequent purchasers without tender or payment.

This Court will not treat a case as settled and arranged when no motion is made to dismiss, and where the fact of settlement is disputed.

Error to Wayne. Submitted Apr. 12. Decided Apr. 19.

REPLEVIN. Defendant brings error. Reversed.

*Stewart & Galloway* for appellant.

*H. F. Brownson* for appellee.

CAMPBELL, J. Paulus sued Mrs. Nunn and also Maxy C. Allor in replevin to obtain possession of a piano which Allor, as constable, had seized on a replevin in favor of Mrs. Nunn against one Coll. It appeared before the justice that Mrs. Nunn held a mortgage made by one Coll before he sold the piano to Johnson and Mahoney, from whom Paulus purchased, and that both they and Paulus knew of

this mortgage., Upon this there was no dispute. There was some room for controversy on some later dealings between Mrs. Nunn and Coll, which would have had a bearing on the amount, but not on the existence of Mrs. Nunn's mortgage. Under these circumstances the justice rendered judgment in favor of Paulus against both defendants for the whole property, and this was affirmed at the circuit.

There can be no question that this judgment is wrong, and that in the absence of any waiver by Mrs. Nunn, and of any finding by the justice of the value of her interest, she should have judgment of return. If she recovers the property under the judgment Paulus can pay her mortgage, and get back the piano. If not then she can recover on the replevin bond her real interest with such other items as in law belong to her.

The judgments of the circuit and justice's courts must be reversed and judgment entered here of return of the property to Mrs. Nunn, with costs of all the courts to her, as Allor has not shown any separate interest of his own, and will be sufficiently protected by the general reversal.

A suggestion was put on file that Mrs. Nunn had privately settled with Paulus. She, however, denies any such settlement made with an understanding of the facts, and as her attorneys claim interests, and no motion has been made for Paulus to dismiss, we should not be justified in considering any such claim.

The other Justices concurred.